UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARE BRONFMAN,<br><br>       Petitioner-Plaintiff,<br><br>v.<br><br>TIMETHEA PULLEN, in her official capacity as Warden of FCI Danbury; FEDERAL BUREAU OF PRISONS; BRYAN ANTONELLI, in his official capacity as Acting Regional Director of the Federal Bureau of Prisons' Northeast Region; COLETTE PETERS, in her official capacity as Director of the Federal Bureau of Prisons,<br><br>       Respondents-Defendants. | Case No. 23-cv-619-OAW |

**MOTION FOR ORDER TO SHOW CAUSE PURSUANT TO 28 U.S.C. § 2243**

  1. Pursuant to 28 U.S.C. § 2243 ("Section 2243"), Petitioner Clare Bronfman ("Petitioner") respectfully requests that the Court order Respondents-Defendants to show cause why the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on May 12, 2013 herein, (ECF No. 1), should not be granted.

  2. In her Petition for Writ of Habeas Corpus, Ms. Bronfman asks this Court to remedy her unlawful detention arising from Respondents-Defendants' arbitrary and capricious failure to abide by their own regulations. In a clear abuse of discretion, Respondents-Defendants have applied the "sex offender" Public Safety Factor ("PSF") to Ms. Bronfman's file despite no "official documentation [that] clearly indicates" that Ms. Bronfman engaged in one of the enumerated actions for that PSF listed in the *Inmate Security Designation and Custody Classification* ("Program Statement"), the policy document that governs Respondents-Defendants' application of PSFs. Despite Ms. Bronfman's repeated efforts to point out the error as she exhausted her administrative remedies, the Bureau of Prisons has continued to misinterpret the record and misapply the PSF as to Ms. Bronfman.

3. Section 2243 provides, in relevant part:

> A court, justice, or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto.

28 U.S.C. § 2243

4. Section 2243 further provides that the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed;" that the court shall hold a hearing "not more than five days after the return unless for good cause additional time is allowed;" and that the court "shall summarily hear and determine the facts, and dispose of the matter." *Id.*

5. Pursuant to Section 2243, and given that she continues to suffer unlawful detention that could easily be remedied by Respondents-Defendants, Ms. Bronfman respectfully requests that this Court immediately issue an Order to Show Cause. Such a short response time to the petition is not required if the Court instead grants Ms. Bronfman's petition forthwith.

Dated: May 18, 2023                                     Respectfully submitted,

**LAW OFFICE OF MICHAEL L. CHAMBERS, JR.**

By: /s
    Michael L. Chambers, Esq.
2 Congress Street
Hartford, CT   06114
michael@mchamberslaw.com

**RONALD SULLIVAN LAW, PLLC**

Ronald S. Sullivan, Jr.
(*pro hac vice* forthcoming)
1300 I Street, N.W., Suite 400 E
Washington, D.C. 20005

**LEVIN & ASSOCIATES, PLLC**

Duncan Levin
(*pro hac vice* forthcoming)
44 Court Street, Suite 905
Brooklyn, New York 11201
Tel.: (212) 330-7626
dlevin@levinpllc.com

*Counsel for Petitioner-Plaintiff Clare Bronfman*

3