UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLARE BRONFMAN, : | |
|    *Petitioner-Plaintiff*, : | |
| : | |
| v. : | No. 3:23-cv-619 (JAM) |
| : | |
| TIMETHEA PULLEN, et al., : | July 7, 2023 |
|    *Respondents-Defendants*. : | |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Petitioner's opposition to Respondent's motion to dismiss concedes that Petitioner has failed to exhaust her administrative remedies and fails to persuade that such exhaustion should be waived.[1] Reply to Respondent's Resp. to Show Cause Order & Mot. to Dismiss at 1-2, 7, ECF No. 16 (Opp.). The Petition should be dismissed on that basis alone.

Petitioner's concession appears in the second half of her brief, where she claims that she is "exhausted" from her efforts to achieve a more favorable place of incarceration that suits her preferences, *i.e.*, placement at the "camp" at FCI Danbury. *See* Opp. at 7. But emotional frustration with the Bureau of Prison's (BOP) administrative remedy process is not a recognized grounds for waiving the exhaustion requirement. *See* MTD at 16-17 (citing relevant case law). And no federal inmate is entitled to serve their sentence in the location of their choosing.[2] *See id.*

---

[1] If, indeed, it can be excused—PLRA exhaustion generally is not subject to waiver. Mem. in Supp. of Mot. to Dismiss at 16, ECF No. 15-1 (MTD).

[2] Contrary to Petitioner's apparent understanding of the outcome of her prior, withdrawn petition, she has not "won" the right to self-designate to the "camp" facility. *See* Opp. attachment, C. Bronfman e-mail to Psychology (Dec. 16, 2022), ECF No. 16-2 ("I am writing to let you know I have made a decision to put my transfer papers in for camp. Given that I won the lawsuit regarding where I should have initially been designated I am officially withdrawing my application into the FIT program."). It is also worth noting that this e-mail that Petitioner attached to her opposition brief disproves her claim that she decided to withdraw from the FIT program because of BOP's representations. *See, e.g.*, Opp. at 3. According to Petitioner's own words, her decision to withdraw from the FIT program was causally related ("Given that . . .") to her having "won [a] lawsuit." ECF No. 16-2.

at 18-19 (collecting cases); *see also, e.g.*, *Ast v. Lovett*, No. 9:21-cv-567 (LEK/TWD), 2022 WL 2063232, at *1 (N.D.N.Y. June 8, 2022) ("[T]he Constitution does not grant inmates a right to be placed in any particular prison, such decisions are not subject to audit under the Due Process Clause, and the Bureau of Prisons has sole discretion to determine the facility in which a federal prisoner should be placed.") (cleaned up).[3]

Petitioner argues that the present petition is based on the "very same set of facts" as her prior petition, Opp. at 2, while conceding that the facts are entirely different—the "Sex Offender" Public Safety Factor (PSF) is gone and the "Management Variable" (MV) is new, *e.g.*, *id.* at 2, 7. Petitioner claims that "nothing happened" after the November 2022 joint stipulation[4] that might affect Petitioner's custody. *Id.* at 2. But whether circumstances have changed, *e.g.*, if BOP has become aware of some fact of concern respecting Petitioner that undergirds the new MV, *contra* Opp. at 6-7, is the sort of factual question that is best developed through the administrative remedy process—not in dueling legal argument filings, such as these.

Without citation to legal authority, Petitioner claims that the BOP's now-withdrawn classification of Petitioner with a "Sex Offender" PSF is functionally the same as BOP applying a MV to Petitioner. *See* Opp. at 1. Unlike the "Sex Offender" PSF, however, nothing about an

---

[3] Petitioner makes one argument up out of whole cloth. Cases that discuss the term "management variable" are not rare because MVs are "mysterious." Opp. at 5. Rather, courts may use other terminology to address the condition, *e.g.*, "security classification," *Ast*, 2022 WL 2612647, at *1 (N.D.N.Y. Apr. 18, 2022), *report & recommendation adopted*, 2022 WL 2063232 (N.D.N.Y. June 8, 2022); and/or the administrative remedy process (when properly followed) mooted such challenges before they ever reached federal court, *id.* at *1 ("Respondent . . . argued that the instant petition should be dismissed as moot because the BOP reexamined petitioner's disciplinary hearing and sanction, reversed the disposition, expunged the disciplinary charge from petitioner's record, and restored petitioner's GTC. . . . Petitioner's security classification was also re-examined and his classification was returned to 'Low.'").

[4] *Bronfman v. Pullen*, 3:22-cv-838, Stipulation of Dismissal, ECF No. 40 (Nov. 16, 2022, D. Conn.).

MV "mark[s] her as a sex offender." *Cf.* Opp. at 2. This means her allegations respecting a "stigma plus" claim now are entirely different compared to before. *Cf.* Opp. at 5; MTD at 20. And it means that any claims she might have made respecting the "Sex Offender" PSF under *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (that a security classification imposes an "atypical and significant hardship") do not apply to the MV.

Petitioner's attempts to challenge her MV and place of incarceration are fatally flawed on their substance and for lack of exhaustion, even if the Court agrees with the Petitioner that she need not name as Respondent the Warden who presently has custody of her. *Compare* Opp. at 2-7 *with* MTD at 9-13. Therefore, Respondents respectfully request that the Court dismiss the petition.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court deny the relief sought by the Petitioner and dismiss this petition with prejudice.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Natalie N. Elicker*
NATALIE ELICKER (ct28458)
ASSISTANT U.S. ATTORNEY
157 Church Street, 25th Floor
New Haven, CT 06510
T: (203) 821-3700
F: (203) 773-5373
Natalie.Elicker@usdoj.gov
