# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| CLARE BRONFMAN, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | No. 3:23-cv-00619 (JAM) |
| | : | |
| TIMETHEA PULLEN *et al.*, | : | |
| *Respondents*. | : | |
| | : | |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Clare Bronfman has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bronfman is engaged in a long-running dispute with the Federal Bureau of Prisons (BOP) over the conditions of her confinement.[1] In an earlier habeas petition, Bronfman challenged the BOP's decision to add a "sex offender" Public Safety Factor designation to her file.[2] That sex offender label allegedly prevented her transfer to a minimum-security prison camp.[3] The parties ultimately reached a resolution on that issue, and I dismissed the case.[4]

Nevertheless, the dispute continued. Bronfman now claims that the BOP retaliated against her for filing the original habeas petition.[5] This retaliation took the form of (1) adding a "management variable" to her file, and (2) moving her from FCI Danbury to FDC Philadelphia.[6] Through this habeas petition, Bronfman seeks to reverse these decisions.[7]

The respondents argue that Bronfman's petition must be dismissed because Bronfman

---

[1] *See* Doc. #1 at 1-2 (¶ 2).
[2] Doc. #1 at 2 (¶¶ 3-5).
[3] Doc. #1 at 3 (¶ 9).
[4] Doc. #1 at 2 (¶ 5).
[5] Doc. #1 at 3 (¶ 7).
[6] Doc. #1 at 3, 5 (¶¶ 7, 19, 21).
[7] *Id.* at 5 (¶ 21). Bronfman also seeks (1) to hold the Respondents in contempt, (2) an order requiring BOP Director Colette Peters to testify with regard to this case, and (3) a declaration that the Respondents "acted arbitrarily and capriciously by placing a management variable on her file." *See* Doc. #1 at 5-6 (¶ 22).

has sued the wrong respondents in the wrong court.[8] I agree and will grant the motion to dismiss.

In general, "the proper venue to bring a Section 2241 petition is the district where a prisoner is *presently* confined." *May v. Licon-Vitale*, 2020 WL 8617428, at *1 (D. Conn. 2020); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"). Bronfman is currently serving her sentence in FDC Philadelphia, so the default venue for her habeas petition is the Eastern District of Pennsylvania.

It is true that when a prisoner is transferred *after* filing a habeas petition, the original district court retains jurisdiction if venue was initially proper. *See, e.g.*, *Dailey v. Pullen*, 2023 WL 3456696, at *2 (D. Conn. 2023). Indeed, it is precisely this rule that prevents the Kafkaesque situation Bronfman suggests in her brief: that the BOP could continuously transfer a prisoner in order to defeat any court's authority to grant habeas corpus relief.[9] But a habeas petition must be on the docket, not merely contemplated, for the exception to apply. *See Padilla*, 542 U.S. at 441 (declining to apply the exception when Padilla was moved out of the filing district before he filed a habeas corpus petition). At the time Bronfman filed her new petition, her previous case had settled, and this one had not yet begun.

It does not change the calculus that Bronfman had a motion pending to reopen her earlier case at the time of her transfer to FDC Philadelphia. Until a court *grants* a motion to reopen, a case remains closed. *See Yiru v. WorldVentures Holdings, LLC*, 2020 WL 572872, at *2 (N.D.

---

[8] *See* Doc. #15 at 15-19.

[9] *See* Doc. #16 at 3-4 ("If this duplicitous activity properly defeats jurisdiction, it will send a loud and clear message to BOP that it can move an inmate while litigation is pending and thereby defeat jurisdiction. Pushed to its logical conclusion, BOP can forever and for all times continue to move an inmate, defeat jurisdiction, and force an inmate to re-file in a new jurisdiction. This gambit could continue until the expiration of an inmate's sentence: the harsh result being that the inmate effectively receives no recourse at all").

Tex. 2020) (noting that the case in question "remained closed" *until* the date the court granted the parties' joint motion to reopen).

Moreover, in cases applying the transfer exception, it is the existence of a properly filed, undecided petition that allows the original court to retain jurisdiction. *See Padilla*, 542 U.S. at 441 ("when the Government moves a habeas petitioner *after she properly files a petition naming her immediate custodian*, the District Court retains jurisdiction") (emphasis added). Bronfman had no habeas petition pending when she was transferred—indeed, it was presumably for that reason that she filed a new habeas petition while her motion to reopen remained undecided. *See Bronfman v. Pullen*, 3:22-cv-00838 (JAM) (motion to reopen remained pending on May 12, 2023); Doc. #1 (new habeas petition filed on May 12, 2023).[10]

Although it is sometimes appropriate to transfer this type of action rather than dismiss it, I decline to do so here. In addition to filing in the wrong district, Bronfman has named the wrong respondent. Only the custodian with "the ability to produce the prisoner's body before the habeas court" is the proper target of a habeas petition. *Padilla*, 542 U.S. at 435. Because Bronfman is current incarcerated at FDC Philadelphia, the warden of that prison would need to be named and served in any further litigation. In similar situations, courts have favored dismissal over transfer. *See, e.g.*, *May*, 2020 WL 8617428, at *1; *Jabarah v. Garcia*, 2010 WL 3834663, at *5 (S.D.N.Y. 2010). Moreover, this dismissal is without prejudice to Bronfman refiling her claims in the Eastern District of Pennsylvania, so the practical difference between transfer and dismissal is small.

For the reasons set forth above, the Court DISMISSES without prejudice Bronfman's petition for writ of habeas corpus (Doc. #1). The Court otherwise DENIES as moot Bronfman's

---

[10] I denied the motion to re-open on May 26, 2023. *See Bronfman v. Pullen*, 3:22-cv-00838 (JAM), Doc. #46.

motion for an order to show cause for respondent to file a response (Doc. #7) and GRANTS

respondents' motion to dismiss (Doc. #15). The Clerk of the Court shall close this case.

It is so ordered.

Dated at New Haven this 28th day of March 2024.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge